Charles G. OMAN, Plaintiff,

v.

**INDUSTRIAL COMMISSION OF UTAH,** Peabody Coal Company, Old Republic Insurance Company and Second Injury Fund, Defendants.

No. 860189–CA.

Court of Appeals of Utah.

April 15, 1987.

Henry K. Chai, II, Snow, Christensen & Martineau, Salt Lake City, for Peabody Coal Co.

Erie V. Boorman, Adm'r Second Injury Fund, Salt Lake City.

Virginius Dabney, Dabney & Dabney, P.C., Salt Lake City, for plaintiff.

Before GARFF, GREENWOOD and BENCH, JJ.

GREENWOOD, Judge:

Plaintiff seeks modification of an order by the Industrial Commission awarding him permanent total disability benefits. The benefits were to commence as of September 24, 1984, the date permanent total disability was first medically confirmed. Plaintiff urges benefits should commence from either the day of the industrial accident (May 12, 1975) or the day after he last worked for the employer (April 22, 1976), whichever is later. Under that theory benefits would commence as of April 23, 1976. Plaintiff also seeks payment of interest on the benefits, which was denied by the Industrial Commission.

Plaintiff was injured in a mine cave-in on May 12, 1975 in Huntington, Utah, while working for Peabody Coal Company ("Pea-

body"). He was treated orthopedically for back problems and also received treatment for depression. He returned to work on June 15, 1975, but continued to receive medical treatment. On June 29, 1976, a three level fusion operation was performed on plaintiff, and in December, 1977, further surgery occurred, re-fusing plaintiff's back. Plaintiff was awarded compensation for a 25% permanent partial impairment of the whole body for his back problems on March 21, 1977.

On June 11, 1982 plaintiff applied for a permanent total disability award because of psychiatric impairment. Plaintiff's total disability was confirmed by a letter dated September 9, 1984, from his physician. The doctor's confirmation was corroborated by other medical and mental health professionals. The Administrative Law Judge (ALJ), in accordance with Utah Code Ann. § 35–1–67 (1986), made a tentative finding of permanent total disability and referred plaintiff to the Division of Rehabilitative Services for evaluation, training and certification. The Division found that plaintiff could not be rehabilitated for employment. The ALJ entered findings of fact, conclusions of law and an order providing plaintiff with benefits from July 21, 1985, the date of certification by the Division of Rehabilitation. No interest on unpaid benefits was awarded. Plaintiff then filed a Motion for Reconsideration/Motion for Review challenging the commencement date of benefits and failure to order payment of interest. In response the Industrial Commission denied payment of interest but changed the benefit commencement date to September 24, 1984, the first date of medical confirmation.

■ Plaintiff asks this Court to rule that benefits should commence from April 23, 1976, the day after plaintiff's last day of work for Peabody. Plaintiff cites Utah Code Ann. § 35–1–64 (1986) as mandating commencement of workers' compensation no later than three days after the injury. However, that section deals with total temporary disability rather than total permanent disability as in this case. Utah Code Ann. § 35–1–67 (1986) also uses "at the

time of injury" language to establish benefits, but only in conjunction with wages at the time of injury. There is no statutory language requiring benefits to commence at either the date of injury or the last day of employment, whichever occurs later. Therefore, plaintiff's argument is without merit. Thus, this Court must determine if the Commission's order was supported by substantial evidence and was a reasonable exercise of the Commission's discretion. *Norton v. Indus. Commission*, 728 P.2d 1025 (Utah 1986); *Hardman v. Salt Lake City Fleet Management*, 725 P.2d 1323 (Utah 1986); *Kaiser Steel Corp. v. Monfredi*, 631 P.2d 888 (Utah 1981).

■ In this instance, while the accident causing the initial injury occurred in 1975, it was not until years later that the injury developed to a point of total disability. The ALJ considered evidence that plaintiff had operated a business and received income between 1976 (when he stopped working for Peabody) and 1984. The ALJ's findings state that "[a]ll of the evidence presented by the defendants was convincing in showing the [plaintiff] is far from being totally invalid." Benefits were awarded nonetheless, consistent with the standard referred to in *Norton*, 728 P.2d 1025 (Utah 1986). In *Norton*, the Court stated that a worker may receive benefits who is not completely incapacitated but is sufficiently handicapped so "that he will not be employed regularly in any well-known branch of the labor market." *Norton*, 728 P.2d at 1027. Plaintiff was not totally and permanently disabled in 1976. His psychiatric problems, which emanated from the 1975 industrial accident, became progressively worse, finally culminating in total permanent disability. As found by the ALJ, "[plaintiff] did not become permanently and totally disabled until after the expiration of the initial six year period." The Industrial Commission did not act unreasonably nor abuse its discretion by selecting the September 24, 1984, date for commencement of benefits given the progressive nature of plaintiff's disability and the difficulty of determining the exact date of maturation of the disability. A possible gap between full development of the dis-

ability and payment of benefits will not justify reversal. *Booms v. Rapp,* 720 P.2d 1636 (Utah 1986). We concur in the language of *Spencer v. Indus. Commission,* 87 Utah 336 40 P.2d 188 (1935):

> ... whether an employee is totally disabled or permanently disabled are ultimate matters to be decided by the commissioner, as is also the amount and time compensation may be awarded upon all the evidence. *Id.* at 197.

It is within the sound discretion of the Industrial Commission to determine the commencement date of benefits for total permanent disability so long as the determination is supported by substantial evidence and not patently unreasonable. Substantial evidence existed in this case for commencing benefits as of the first date of medical confirmation of permanent total disability.

Plaintiff also appeals from the Industrial Commission's denial of interest on unpaid benefits. Plaintiff relies on Utah Code Ann. § 35–1–78 (1986) which states:

> Awards made by the Industrial Commission shall include interest at the rate of 8% per annum from the date when each benefit payment would have otherwise become due and payable.

In *Marshall v. Industrial Commission,* 704 P.2d 581 (Utah 1985) the Utah Supreme Court held that this statute must be retroactively applied to accrued or pending actions because its intent is remedial. The case before us clearly falls within the statutory language and pursuant to *Marshall* enactment of the statute subsequent to the injury or disability is irrelevant. Plaintiff is entitled to payment of accrued interest on all unpaid benefits commencing from September 24, 1984.

Affirmed in part and reversed in part. No costs awarded.

GARFF and BENCH, JJ., concur.