**Sharon L. HEATON, Plaintiff,**

v.

**SECOND INJURY FUND, Defendant.**

**No. 870336–CA.**

Court of Appeals of Utah.

Aug. 3, 1988.
Certiorari Denied Sept. 22, 1988.

---

James R. Black, Wendy B. Moseley, Robert D. Moore (argued), Black & Moore, Salt Lake City, for plaintiff.

Erie Boorman (argued), Adm'r, Second Injury Fund, Salt Lake City, for defendant.

Before GREENWOOD, BENCH and GARFF, JJ.

## OPINION

GREENWOOD, Judge:

Sharon L. Heaton appeals from the Industrial Commission's order that Heaton receive payments for permanent total disability commencing July 25, 1985, claiming that payments should have commenced October 6, 1981. We affirm in part and reverse in part.

On October 6, 1975, Heaton, a thirty-nine year old male, was injured when he slipped and fell while carrying two 100 pound sacks of mud in the course of his employment with Boyle Brothers Drilling Company. Heaton's injury was diagnosed as severe cervical strain and ultimately caused pain in his head, neck, back and arms. In November 1976, Heaton underwent neck surgery, and in August 1977, Heaton had chest surgery.

In June 1978, Heaton applied for permanent total disability benefits. The Administrative Law Judge (A.L.J.), Keith Sohm, referred Heaton to a medical panel for a medical evaluation. On May 3, 1979, the A.L.J. found, in accordance with the medical panel's report, that Heaton was approximately sixty-seven percent disabled, sixty percent of which was attributable to the industrial injury on October 6, 1975 and seven percent of which was attributable to a pre-existing injury. The A.L.J. found that Heaton was permanently and totally

disabled, but nevertheless awarded Heaton permanent partial disability benefits. The A.L.J. also stated in his findings that Heaton "may be entitled to disability compensation from the Special Fund when benefits by the insurance carrier expire. A review of the case should be made again at that time in case applicant's condition has changed or that future surgery may have resulted in improvement."

Heaton subsequently filed a motion for review with the Industrial Commission, claiming that he was entitled to permanent total disability benefits. The Industrial Commission denied the motion, finding it was appropriate to withhold a determination of permanent disability until a final decision was made regarding whether Heaton would require additional surgery. Consequently, further consideration of the case was deferred until at least the expiration of insurance carrier disability benefits in 1981.

In March 1985, Heaton wrote a letter to the Industrial Commission seeking clarification of his rights. Judge Sohm responded, stating that if Heaton sought further benefits he should have his physician submit a report stating whether he was able to work and if his condition had deteriorated.

In May 1985, Judge Sohm retired as A.L.J., and in June 1985, Sohm, as Heaton's legal counsel, filed an application for permanent total disability benefits. Heaton submitted a letter dated July 29, 1985 from Dr. Ross McNaught in support of the application, stating that Dr. McNaught examined Heaton on July 25, 1985, that Heaton had never completely recovered from his November 1976 surgery and that his neurologic condition was deteriorating. In October 1985, the Second Injury Fund stipulated that Heaton could not be rehabilitated and waived the requirement of Utah Code Ann. § 35–1–67 (1985) that Heaton submit to further evaluation by the division of vocational rehabilitation.

Judge Richard Sumsion, the new A.L.J. assigned to the case, heard the matter on November 18, 1985 and found that the only new evidence of a deterioration in Heaton's condition warranting a finding of permanent total disability was the letter from Dr.

McNaught and that he did not believe the evidence warranted a finding of permanent total disability prior to the date Dr. McNaught examined Heaton. The A.L.J. concluded that Heaton was entitled to permanent total disability benefits commencing July 25, 1985 and that no interest was payable on the accrued amount due.

Heaton filed a motion for review with the Industrial Commission, but before the motion was heard, the parties agreed to submit the matter to a medical panel. The Industrial Commission granted the motion for review in part but stated that the issue regarding when benefits should commence was reserved until after the medical panel report was completed. Dr. Nathaniel Nord submitted the medical panel's report seven months later, stating that Heaton was not rendered unemployable as of October 1, 1981 "on the basis of physical impairment," but that his attitude regarding return to work had rendered him unemployable. The report also said that given the circumstances of the panel's examination, there had been no significant changes in physical impairment since the injury, but an increase in symptoms of dysfunction. The A.L.J. reviewed Dr. Nord's report, declined to change the commencement date of Heaton's permanent total disability benefits and affirmed the original finding that Heaton's permanent total disability commenced as of July 25, 1985. Heaton filed a motion for review with the Industrial Commission, claiming that he was entitled to permanent total disability benefits commencing October 6, 1981 when his permanent partial disability benefits terminated. The motion was denied and this appeal followed.

██ On appeal, Heaton claims that the Commission's finding that he was entitled to permanent total disability benefits commencing July 25, 1985 was not supported by any evidence whatsoever. In addressing this issue, we must determine first if the 1979 order constituted an irrevocable finding of permanent total disability, and second, the appropriate date for commencement of benefits. The question of whether an employee is permanently and totally disabled is one of fact to be decided by the

Industrial Commission upon consideration of all evidence presented. *Kerans v. Industrial Comm'n*, 713 P.2d 49, 54 (Utah 1986). The Industrial Commission's findings and orders will not be disturbed unless they are "arbitrary and capricious, and they are arbitrary and capricious when they are contrary to the evidence or without any reasonable basis in the evidence." *Rushton v. Gelco Express*, 732 P.2d 109, 111 (Utah 1986); *see also Rekward v. Industrial Comm'n*, 755 P.2d 166, 168 (Utah Ct.App.1988). Determination of the commencement date of total permanent disability benefits is "within the sound discretion of the Industrial Commission ... so long as the determination is supported by substantial evidence and not patently unreasonable." *Oman v. Industrial Comm'n*, 735 P.2d 665, 667 (Utah Ct.App.1987).

■ Utah Code Ann. § 35–1–67 (1975) relating to benefits for permanent total disability as in effect at the time of Heaton's industrial accident,[1] provided as follows:

a finding by the commission of permanent total disability shall in all cases be tentative and not final until such time as the following proceedings have been had: Where the employee has tentatively been found to be permanently and totally disabled, it shall be mandatory that the industrial commission of Utah refer such employee to the division of vocational rehabilitation under the state board of education for rehabilitation training.... If and when the division ... certifies [that] ... in the opinion of the division the employee may not be rehabilitated, then the commission shall order that there be paid to such employee weekly benefits....

In this case, Heaton relies on the A.L.J.'s 1979 statement that Heaton was totally and permanently disabled, combined with medical reports showing deterioration of his condition, as being dispositive. He is, however, precluded from such reliance by the language of the statute which mandates that any such finding "shall in all cases be tentative," pending referral to and certification by the rehabilitation division. In this case, waiver of the rehabilitation requirements did not occur until October 30, 1985. Also, the 1979 order is internally inconsistent, stating both that Heaton was permanently and totally disabled and that his condition might change or improve. Further, Heaton was advised by Judge Sohm in January of 1980 that the 1979 order was tentative only and that further medical reports, updating of his medical condition and new proceedings were required prior to determining whether permanent total benefits would be awarded.

Therefore, the 1979 proceedings were not conclusive nor final on the issue of when Heaton was permanently and totally disabled. Moreover, Judge Sumsion found from all of the evidence presented, including Dr. McNaught's 1985 letter, that there was insufficient evidence to establish permanent total disability prior to the date of the letter, but that the letter indicated a possible deteriorating condition from the date of the industrial accident. We find that there was sufficient evidence before the A.L.J. to support his finding that there was "no evidence of what change, if any, may have taken place in the Applicant's condition over the past six years," and that Heaton was rendered totally permanently disabled some time during the interim.

■ We next address whether benefits should commence as of July 25, 1985. There is no statutory language which explicitly articulates when benefits for permanent total disability must commence. We do not agree with the dissent that the statutory language specifying when the Commission may *order* payments for permanent total disability is necessarily the same as the date when benefits begin to accrue. The statute states only that after demonstrating that the applicant cannot be rehabilitated, "then the commission shall order that there be paid to such employee weekly benefits...." The statute is silent

---

1. In workers' compensation cases, rights and liabilities are determined as of the date the injury occurred. *Moore v. American Coal Co.,* 737 P.2d 989, 990 (Utah 1987). We, therefore, apply the statute in effect at the time of the injury.

on the subject of when benefits begin to accrue and therefore is ambiguous. We uphold the Commission's interpretation of workers' compensation statutes if it falls within the limits of reasonableness and rationality. *Taylor v. Industrial Comm'n,* 743 P.2d 1183, 1186 (Utah 1987); *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n,* 658 P.2d 601, 610 (Utah 1983). We find that the Commission's interpretation of the statute that permanent total disability benefits accrue when there is sufficient medical evidence that the claimant's permanent total disability has stabilized is both reasonable and rational. The Commission's interpretation is also consistent with the remedial purpose of the statute, which warrants liberal construction to provide coverage. *State Tax Comm'n v. Industrial Comm'n,* 685 P.2d 1051, 1053 (Utah 1984). A similar question concerning the commencement date of workers' compensation benefits arose in *Oman* where this Court found that "There is no statutory language requiring benefits to commence at either the date of injury or the last day of employment, whichever occurs later." *Oman,* 735 P.2d at 666. In that case, this Court upheld an award of benefits commencing from the date of medical confirmation where the results of the industrial injury were progressive. In *Oman,* as in this case, selection of the date of medical confirmation of permanent total disability as the commencement date of benefits "is supported by substantial evidence and [is] not patently unreasonable." *Id.* at 667. Therefore, we affirm the determination that permanent total disability benefits commence as of July 25, 1985.

■ Heaton also contends that he is entitled to interest on his workers' compensation award. According to Utah Code Ann. § 35–1–78 (1985), "Awards made by the industrial commission shall include interest at the rate of 8% per annum from the date when each benefit payment would have otherwise become due and payable." The statute applies in this case even though enacted after the injury occurred because the statute's intent is remedial. *Oman,* 735 P.2d at 667. Therefore, we hold that Heaton should receive interest on his disability benefits in accordance with the statute.

Affirmed in part and reversed and remanded in part for entry of an order in accordance with this opinion.

GARFF, J., concurs.

BENCH, Judge: (concurring and dissenting).

I concur in the main opinion's conclusion that the 1979 finding of permanent total disability was only tentative. Under the clear wording of the statute, the finding can be final only after referral to the rehabilitation division. I also concur in the award of interest on disability benefits owed.

I dissent from the holding that the Industrial Commission has the discretion to order benefits payable as of the date permanent total disability is medically confirmed. The main opinion concludes there is no statutory language that explicitly states when benefits for permanent total disability must commence. I believe the commencement date for benefits is specified by statute. As I read Utah Code Ann. § 35–1–67 (1988), an employee is entitled to *no* permanent total disability benefits until after: 1) the parties waive referral to the rehabilitation division, or 2) the employee is referred to the rehabilitation division and it certifies the employee cannot be rehabilitated.

The main opinion quotes an earlier version of the statute for the correct proposition that the Industrial Commission must refer an employee to the rehabilitation division when the employee is tentatively found to be permanently and totally disabled. The section continued:

If and when the division ... certifies [that] ... in the opinion of the division the employee may not be rehabilitated, then the commission shall order that there be paid to such employee weekly benefits.... No employee, however, shall be entitled to any such benefits if he fails or refuses to co-operate [sic] with the division....

Utah Code Ann. § 35–1–67 (1975). In *Mecham v. Industrial Commission*, 692 P.2d 783 (Utah 1984), the Utah Supreme Court held, "Before any permanent total disability payments may be made, ... the statute mandates that the Industrial Commission refer the employee to the division of vocational rehabilitation for an opinion whether the employee can be rehabilitated." *Id.* at 785. By prohibiting payment before certification (or waiver), the legislature has *ipso facto* specified the date for commencement of benefits.

My interpretation of the statute limits the discretion of the Commission to commence benefits at some earlier date. I concede this is inconsistent with language in *Oman v. Industrial Commission*, 735 P.2d 665 (Utah App.1987), where the issue now decided was not directly addressed. To the extent it is inconsistent with our statute, *Oman* should be overruled. If the Commission is to have discretion to vary the commencement date for benefits, the discretion must be created by the legislature, not this Court.

I would order that permanent total disability benefits are payable as of October 30, 1985, the date the parties waived referral to the rehabilitation division.