UTAH FUEL CO. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4948. Decided May 17, 1930. (287 P. 931.)

*H. J. Binch* and *Ingebretsen, Ray & Rawlins,* all of Salt Lake City, for plaintiff.

*George P. Parker,* Attorney General, and *Wm. A. Hilton,* of Salt Lake City, for defendants.

ELIAS HANSEN, J.

On March 25, 1921, Clyde Parry was injured while employed by the plaintiff at its mine at Winter Quarters, Carbon county, Utah. Plaintiff is a self-insurer subject to the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165, as amended). The Industrial Commission of Utah found that Mr. Parry was per-

manently and totally disabled, and awarded him compensation at the rate of $14.28 a week for life. The plaintiff is here by a writ of review for the purpose of having the lawfulness of the award inquired into and determined. Plaintiff concedes that Mr. Parry is suffering permanent partial disability, but it contends that the evidence does not support an award for permanent total disability. There is no substantial dispute in the evidence as to the nature and extent of the injury sustained by Mr. Parry. The facts disclosed by the record are these: Mr. Parry was nineteen years of age when he received his injury. He is a moron; that is, his mentality is that of a ten or twelve year old child. He cannot read or write. He does not understand the simplest arithmetic. He has not learned any trade. As a result of the injury which he sustained while working in plaintiff's mine he has partially lost the use of both legs which renders him unfit to perform any manual labor which requires the use of his legs. He can walk a short distance on a smooth surface without the assistance of a cane or other support, but he cannot walk on a rough surface. He cannot stand without support. He can drive an automobile that has a foot feed. He cannot get on or off a street car. As a result of his injury he developed a trophic ulcer on his right toe. The ulcer was healed or calloused at the time of the last hearing which was had in July, 1929. If Mr. Parry should receive a slight bruise, it may cause other ulcers. The applicant was not injured above the second lumbar vertebra. He testified that he had a weak back. He suffers no pain. The injury affected his bowels, so that at times he is unable to control them. There is some evidence that his bladder was also affected by his injury. One witness testified that he is devoid of ambition, and there is other evidence in the record which tends to show that such is the fact. In 1927, Mr. Parry tried to do battery ignition work, but he was refused employment. He has not attempted to qualify himself for any occupation since he was injured. It is upon substantially

the foregoing facts that the commission found that Mr. Parry had suffered permanent total disability as a result of his injury. This court in the case of *Spring Canyon Coal Co.* v. *Industrial Commission of Utah,* 277 P. 206, 212, stated the general rule of law which should govern the Industrial Commission in determining whether or not, in a given case, an injured employee is or is not permanently and totally disabled. The evidence in this case indicates that Mr. Parry has not made an honest effort to secure or prepare himself for remunerative employment. The plaintiff contends that such facts preclude him from further compensation. It was said in the case of *Spring Canyon Coal Co.* v. *Industrial Commission of Utah,* supra, that an injured employee "is required to put forth an active effort to procure such employment as he is able to perform. If he is incapacitated from performing the kind of labor required in his former employment, but is able to perform the work of some other employment, he is not totally disabled." It should be added that an injured employee is not permanently and totally disabled, if, by putting forth a reasonable effort, he is able to prepare himself by training or otherwise to secure and retain remunerative employment. A disability which may be overcome by a reasonable effort is not permanent. It is the duty of an injured employee, just as it is the duty of every person sustaining an injury, to put forth a reasonable effort to minimize his injury. If, however, it is made to appear that an injured employee cannot by training or otherwise secure and retain remunerative employment, then, and in such case, the injured employee is excused from exerting an effort which of necessity must result in failure.

At the oral argument and in the briefs much is said about the inferior intellect of Mr. Parry. The plaintiff contends that it should not be charged with any disability of Mr. Parry caused in whole or in part by his defective mentality. He was a moron before he received his injury. It may well be that, if Mr. Parry had a

normal mind, he could have prepared himself for some gainful occupation, but because of his limited intellect he is unable to do so. Should the plaintiff be required to pay compensation to Mr. Parry for life because of an injury, which, together with the fact that he is a moron, renders him permanently and totally disabled? We believe the question must be answered in the affirmative. The situation in such a case is somewhat similar to those cases where an employee has sustained permanent partial disability and in a later accident he receives an additional injury which renders him permanently and totally disabled. Upon such a state of facts the adjudicated cases are somewhat in conflict, but the conflict, for the most part, can be accounted for by the difference in the language of the various statutes. A situation more nearly in point is where an employee who is either old or physically weak receives an injury resulting in permanent total disability when, had the employee been young or physically strong, the injury sustained would not have resulted in permanent total disability. It will readily be conceded that compensation for permanent total disability may not properly be denied upon the sole ground that, if the injured employee had been younger or physically robust, the injury would not have resulted in permanent total disability. Such a rule would lead to endless confusion and is not justified by either the spirit or the letter of our Workmen's Compensation Act. We believe the correct construction of our Workmen's Compensation Act to be that, if an employee suffers an injury which permanently and totally disables him, he is entitled to the compensation provided for in the act without regard to his physical or mental condition before he received such injury.

Plaintiff makes the further contention that the inability of Mr. Parry to secure and retain employment at this time is due to his own indolence in failing to prepare himself for some trade. That question was inquired into by the commission which apparently determined that because of his mental condition Mr. Parry was incapable

of learning a trade which would fit him for employment in any line of industry. Reasonable minds might differ as to whether or not Mr. Parry has sufficient mentality to learn a trade. In our limited powers to review the awards of the Industrial Commission, we are precluded from passing on the weight of the testimony. "The findings and conclusions of the Commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts." Laws Utah 1919, c. 63, § 3148—a, subdivision c. The commission found, as an ultimate fact, that Clyde Parry suffered permanent total disability as a result of an injury which he received while in the employ of the plaintiff. On the record before us there is evidence to support such finding.

The award is affirmed.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.