Beverly R. BUXTON, Plaintiff,

v.

INDUSTRIAL COMMISSION OF
UTAH, Defendant.

No. 15802.

Supreme Court of Utah.

Oct. 27, 1978.

John R. Anderson of Beaslin, Nygaard, Coke & Vincent, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendant.

CROCKETT, Justice:

This is a proceeding for review of defendant's denial of plaintiff's application for permanent total disability benefits to be paid out of the "Special Fund" established pursuant to Section 35–1–68(1) of the Utah Workmen's Compensation Act.

Plaintiff sustained low back injury when she slipped in a casual accumulation of water and fell while in the course of her employment with Albertson's Food Centers on February 16, 1966. She was then 35 years old. The injury was treated by surgical fusion of the lumbosacral joint later that year. Plaintiff had extensive bone structure disease which pre-existed her industrial injury. Three cervical spine seg-ments had previously been surgically fused, and a latent right hip pathology became symptomatic during her convalescence from the 1966 low back surgery. Her post-surgery pain was so persistent and intense that two unusual surgical procedures (chordotomy and rhizotomy) were undertaken for control of pain without success. In 1971, she was referred to a Medical Panel, constituted as provided by Section 35–1–77 of the Utah Workmen's Compensation Act, for appraisal of her losses of bodily function attributable to industrial and non-industrial causes. The Panel found plaintiff to have sustained a 40 percent loss of total bodily function from her industrial injury, and an additional 15 percent loss from pre-existing disease. The Commission issued its order, based on those findings, and no objections were filed.

In 1975, plaintiff filed an application for additional disability compensation benefits. Plaintiff concedes that, because more than eight years had then elapsed after her injury, she was precluded by Section 66 of the Act from obtaining *any* additional disability compensation benefits unless she could demonstrate that she was permanently and totally disabled. The pertinent Section 66 language is:

> The commission may make a permanent partial disability award at any time prior to eight years after the date of injury to any employee whose physical condition resulting from such injury is not finally healed and fixed eight years after the date of injury and who files an application for such purpose prior to the expiration of such eight-year period.

The Commission argues without merit that the quoted language precludes the filing of any application, including one for permanent total disability compensation, after the eight-year limitation period. Not only the quoted portion but the entire section speaks only of partial disability, and the quoted language cannot be construed to impose a limitation on the time within which applications for permanent total disability benefits must be filed. The only limitations of actions statute which has application to per-

manent total disability claims is Section 99 of the Act, and the Commission makes no assertion that the subject claim was not filed within three years after the date of injury or last payment of compensation as Section 99 requires.

■ Hearing was conducted on plaintiff's 1975 application on October 14, 1975. The evidence shows clearly and without dispute that a significant portion of plaintiff's disability was attributable to disease processes which existed before her industrial injury. Consequently she asserted her claim under Section 69 of the Act which provides:

(1) If any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity, compensation and medical care, which medical care and other related items are outlined in section 35–1–81, shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation and medical care shall be for the industrial injury only and the remainder shall be paid out of the special fund provided for in section 35–1–68(1) hereinafter referred to as the "special fund."

The only medical testimony at the hearing was that plaintiff was, as of the hearing date, permanently and totally disabled. That testimony included an account of systemic and structural impairments additional to those noted by the 1971 Panel in its report, as well as confirmation that all the complaints noted by the Panel had persisted and were being treated medically. All the disabling symptoms were, according to the medical witness, attributable to the 1966 industrial injury or pre-existing pathology. In addition, the Division of Rehabilitation Services submitted its reports that plaintiff had applied for vocational rehabilitation training and was considered incapable, because of physical impairment, of re-entering the labor market.

■ The Commission's jurisdiction to act on an application for modification of a previous order derives from Section 78 of the Act. That section empowers the Commission to make such modification of former findings and orders as "in its opinion may be justified." The section has been previously construed to require, as the basis of modification, evidence of some significant change or new development in the claimant's injury or proof of the previous award's inadequacy.[1] On the evidence presented at the 1975 hearing, the Commission found that the evidence of change or new development in the injury or inadequacy of the previous award was insufficient to justify the modification of its 1971 findings from 55 percent loss of bodily function to total disability, the only modification which would assist plaintiff in any way.

■ Even though the Commission is obliged to modify previous orders only when "in its opinion," modification is justified, the Commission is not vested with arbitrary powers; and it cannot simply ignore competent and credible evidence when there is nothing discrediting therein and there is no evidence to the contrary. The 1971 Panel's finding of 55 percent loss of bodily function would not have precluded a permanent total disability award even at that time. It is the Commission's duty to determine whether that loss of function represents total disability in terms of capacity to perform remunerative employment,[2] and the determination must be based on competent evidence.

■ On the evidence before it as a consequence of the 1975 hearing, the Commission could not have formed a bona fide opinion that plaintiff was not then incapable of reentering the labor market by reason of

**1.** *Kennecott Copper Corp. v. Industrial Comm.*, 19 Utah 2d 158, 427 P.2d 952.

**2.** *Utah Fuel Co. v. Industrial Comm.*, 76 Utah 141, 287 P. 931; *Caillet v. Industrial Comm.*, 90 Utah 8, 58 P.2d 760; *Silver King Coalition Mines Co. v. Industrial Comm.*, 92 Utah 511, 69 P.2d 608.

physical disabilities attributable to either (1) her 1966 industrial injury or (2) pre-existing pathology. The evidence of deterioration in plaintiff's physical condition between 1971 and 1975 was persuasive, but such evidence is not indispensable. It should not be necessary for an employee with substantial work-related disability to make application for permanent *total* disability immediately upon his condition's becoming stabilized. If, after a substantial permanent *partial* disability award is made, it is discovered empirically that the injured employee is not employable with his disability and it is certified that he cannot be vocationally rehabilitated despite his cooperation, there is prima facie justification (subject, of course, to refutation) for changing the disability rating from partial to total.

We are aware of the deference which must be accorded the prerogatives of the Commission, including the propriety of its discounting self-serving testimony. In this case, however, plaintiff's testimony about her condition of pain and disability, although admittedly subjective, is corroborated by the uncontradicted and credible medical evidence, and without any indication or suggestion that her affliction and inability to work is other than genuine.

Upon the survey of this record, it is our conclusion that the refusal of the Commission to make findings and an award of permanent total disability is so contrary to reason that it is capricious and arbitrary.

Remanded for action in accordance with this opinion. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.