**Eudora MECHAM, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, Eitel McCullough, Inc., Fidelity Casualty Co., and Second Injury Fund, Defendants.**

**No. 19337.**

Supreme Court of Utah.

Nov. 16, 1984.

Robert J. Shaughnessy, Salt Lake City, for plaintiff.

Wallace R. Lauchnor, Gilbert A. Martinez (2nd Injury), Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants.

HOWE, Justice:

Plaintiff Eudora Mecham seeks review of an order of the Industrial Commission that adopted the conclusion of the administrative law judge that her claim for permanent total disability was barred by U.C.A., 1953, § 35–1–99.

On October 31, 1961, Mecham sustained a disc hernia as a result of an industrial accident while employed by defendant Eitel McCullough, Inc. However, the diagnosis upon initial examination was simply acute lumbo-sacral strain. The employer sent a "First Report of Injury" to the Industrial Commission six days after the date of the accident. Mecham's physician submitted a first "Surgical Report" to the Commission on November 8. On October 14, 1963, Mecham filed an "Application for Physical Examination by the Medical Advisory Board." Considerable correspondence between the Commission and the Board followed throughout the following year. Between 1961 and 1963, Mecham had three operations: removal of the disc, spinal fusion and a laminectomy of the previous fusion. With recurring pressure on the nerves in the foramina and resulting radiating pain, Mecham became habituated to pain medication. After several hearings, rehearings and objections to disability findings, stretching from April of 1964 to June of 1966, the Commission on August 3, 1966, reaffirmed that Mecham had a permanent partial disability of 20%. Depression and other psychiatric problems were attributed to independent concurrent causes. All in all, Mecham was paid 40 weeks of compensation through December of 1964. Payment of medical bills submitted by Mecham's physicians after 1966 was refused by defendant's insurer.

In July of 1970, Mecham, this time *pro se*, again requested a hearing on defendant's refusal to pay the benefits and medical expenses. The Industrial Commission advised her to file an application for additional benefits and to submit proof that there had been a substantial change in her physical condition requiring additional medical, hospital and compensation bene-

fits. The record indicates that between 1970 and 1982 Mecham attempted to comply with that request. Physicians reports and progress notes during that period indicate multiple back surgeries, fifteen in all, infections and other physical complications. Mecham was pronounced totally disabled by her physician. Apparently the Industrial Commission requested a review of Mecham's file by the rehabilitation officer of the Utah State Board of Education pursuant to section 35–1–67. It was the rehabilitation officer's opinion that Mecham "would not be a good candidate for rehabilitation and that she remains totally disabled."

On December 17, 1982, new counsel for plaintiff filed a petition for consideration of permanent total disability and reimbursement of medical expenses. At a hearing on April 27, 1983, the administrative law judge allowed no evidence or other presentation of the case, but ruled that Mecham's claim was barred by section 35–1–99 because she had failed to file her claim for total disability within three years from December of 1964, the date of last payment of compensation. In the alternative, the administrative law judge found her claim barred by section 35–1–66 because she had failed to file her claim within six years of October 31, 1961, the date of the injury.[1] He dismissed the Second Injury Fund from the case. The Commission denied a subsequent motion for review and affirmed his ruling.

■ Mecham contends that the Industrial Commission had continuing jurisdiction under section 35–1–78 to award her permanent total disability compensation and that it erred in declaring all claims barred by section 35–1–99 or section 35–1–66. We agree. Section 35–1–66 governs awards for partial disability and was improperly employed to find a claim for permanent total disability barred. We have recently interpreted section 35–1–99 in *Dean Evans Chrysler v. Morse,* 692 P.2d 783, filed this day. We held in that case that once a

claim or notice is filed in accordance with section 35–1–99 or section 35–1–100, the individual sections of the Worker's Compensation Act dealing with the several types of disability must be consulted for their varying statutes of limitations.

■ As pointed out in the fact chronology, *ante,* it is evident that the Industrial Commission obtained jurisdiction over Mecham's case well within the three-year limit set by section 35–1–99. The employer's first report of injury, first surgical report, and application for medical examination constituted notice of claim to the Industrial Commission. Section 35–1–99 is designed solely to create jurisdiction in the Industrial Commission, and there is no need for any particular formality, as long as notice is given. *Dean Evans Chrysler, supra; Utah State Insurance Fund v. Dutson,* Utah, 646 P.2d 707 (1982). Once jurisdiction is established, the nature of the claim dictates what statute of limitation applies. *Dean Evans Chrysler, supra.*

■ Mecham's claim for permanent total disability is governed by section 35–1–67 which contains no limitation. Under that section an employer may be held liable for up to 312 weeks of permanent total disability payments. Thereafter the Second Injury Fund continues payment of statutorily prescribed amounts until the death of the employee. Before any permanent total disability payments may be made, however, the statute mandates that the Industrial Commission refer the employee to the division of vocational rehabilitation for an opinion whether the employee can be rehabilitated. In the case before us, the Industrial Commission complied with that requirement. The rehabilitation officer found Mecham permanently totally disabled. In light of the procedures followed by Mecham between the date of the industrial injury and the filing of her latest petition, we hold that she complied with the notice requirement under section 35–1–99 and

1. The statute of limitations for temporary partial and permanent partial disability is now

eight years. U.C.A., 1953, §§ 35–1–65.1 and 35–1–66.

that her claim for permanent total disability was timely under section 35–1–67.

Our holding today reaffirms our decision in *Buxton v. Industrial Commission,* Utah, 587 P.2d 121 (1978). Buxton made a claim under section 35–1–69 for permanent total disability more than eight years after the date of her original injury. We there held that a claim for permanent total disability was not governed by section 35–1–66 of the Act and its eight-year limitation, but that "[t]he only limitations of actions statute which has application to permanent total disability claims is Section 99 of the Act, and the Commission makes no assertion that the *subject claim* (*i.e.,* the original notice and claim of injury) was not filed within three years after the date of injury or last payment of compensation as Section 99 requires." *Id.* at 122–23 (emphasis added). The Industrial Commission misreads that language when it argues here that the *subject claim* was the claim for permanent total disability which it alleges was barred three years after the date of injury or last payment of compensation. Neither public policy considerations nor legislative intent support that construction. Mecham's is a classical case in that her permanent total disability resulted from a slow deterioration of a condition first brought about by an industrial injury. The various eight-year periods of limitations of the sections cited in footnote 1, *ante,* as well as the absence of any period of limitation in Section 35–1–67, would be rendered nugatory were we to hold that *all* claims are barred three years after the dates set out in section 35–1–99.

 The Industrial Commission has continuing jurisdiction under Section 35–1–78 of the Act to modify awards if in its opinion it is justified. That power is not arbitrary. *Buxton, supra.* The Industrial Commission may, in its discretion, destroy records that have been closed or inactive for a period of ten years "other than those of total permanent disability or where a claim has been filed as in 35–1–99." U.C.A., 1953, § 35–1–78. Quite clearly then, claims of permanent total disability and properly filed claims that may result in awards for permanent total disability must be supported by records for an indefinite period of time and are not barred after three years as the Industrial Commission would have us hold. Read in harmony, sections 35–1–67 and 35–1–78 allow Mecham to file at any time her petition for permanent total disability provided that disability arises from the original injury. Utah is one of "an important minority of states [2] [that] permit reopening for changed conditions at any time." 3 A. Larson, *Larson's Workmen's Compensation Laws* § 81.21 (1983).

 Mecham also argues that the administrative law judge had no authority to make findings based on the record alone, without giving her an opportunity to be heard as required by sections 35–1–82.51 and .52. Failure to adhere to those prescriptions in her view was tantamount to arbitrary and capricious action and should not be upheld by this Court. The administrative law judge decided that Mecham's claim presented only a question of law on which he ruled against her. Viewed in that context, the ruling was not arbitrary and capricious.

The case is remanded to the Industrial Commission for an evidentiary hearing of Mecham's claim for permanent total disability compensation and for medical benefits. The Second Injury Fund is to be reinstated as a party to the proceedings as required by section 35–1–67 for purposes of payment from the special fund. We award Mecham her costs on appeal.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

**2.** Delaware, Kansas, Kentucky, Massachusetts, Minnesota, Nevada and North Dakota are the others.