Rolland BURGESS and the Labor Commission, Respondents,

v.

SIAPERAS SAND & GRAVEL, JWR Construction, and/or Workers' Compensation Fund of Utah, Petitioners.

No. 971404–CA.

Court of Appeals of Utah.

Sept. 11, 1998.

Barbara W. Sharp and James R. Black, James R. Black & Associates, Salt Lake City, for Petitioners Workers' Compensation Fund of Utah, Siaperas Sand & Gravel, and JWR Construction.

Hans M. Scheffler, Salt Lake City, for Respondent Rolland Burgess Alan Hennebold, Salt Lake City, for Respondent Labor Commission.

Before DAVIS, P.J., and BILLINGS and GREENWOOD, JJ.

## OPINION

DAVIS, Presiding Judge:

Siaperas Sand and Gravel (Siaperas), JWR Construction (JWR), and the Workers' Compensation Fund of Utah (WCF) appeal the Industrial Commission's [1] (Commission) Order on Motions for Review affirming the Administrative Law Judge's (ALJ) dismissal of Rolland Burgess's claim for permanent total disability benefits under the Utah Workers' Compensation Act (the Act). The petitioners challenge the determination that "in light of the Industrial Commission's continuing jurisdiction in this case to consider Mr. Burgess's right to additional benefits when and if such rights accrue, there is no need to hold Mr. Burgess's current applications open."

## BACKGROUND

This case arises from Burgess's two separate applications for disability compensation and medical benefits under the Act. On July 1, 1990, while working for Siaperas, Burgess accidentally fell about twenty-eight feet at the construction site. He suffered "myofascial low back pain secondary to a lumbar strain injury." Additionally, on August 18, 1994, while working for JWR, Burgess exacerbated the back injury while lifting plywood forms. WCF, the insurance carrier for both Siaperas and JWR, accepted liability for Burgess's accidents and paid temporary total disability compensation and medical expenses.[2]

On March 25, 1996, Burgess filed two applications for a hearing with the Commission (one for each accident), seeking medical expenses, temporary total disability compensation, and permanent partial disability compensation. WCF responded on behalf of Siaperas and JWR, and admitted the companies' involvement in the accidents, but denied that Burgess was entitled to any additional compensation or medical benefits.

On August 28, 1996, at an evidentiary hearing on his applications, Burgess and WCF advised the ALJ that Burgess's accrued claims for temporary total disability compensation, permanent partial disability compensation, and medical expenses had been settled. However, Burgess then moved to amend his applications to include permanent total disability compensation claims (i.e., for future potential benefits). To preserve his claim for additional benefits, Burgess also filed a Motion to Continue Without Date his claim for additional benefits.

On November 22, 1996, the ALJ entered an Order on Motion to Amend, granting Burgess's motion to amend his applications for hearing and dismissing the amended application without prejudice on the ground that the applications were not ripe for adjudication. Both parties filed motions for review of the ALJ's decision with the Commission. WCF argued that the ALJ erred by permitting Burgess to amend his applications. Burgess

---

1. Before July 1, 1997, the Workers' Compensation Act was administered by the Industrial Commission of Utah. *See* Utah Code Ann. § 35–1–1 (1994). On July 1, 1997, the Act was recodified as Title 34A, Chapter Two and the newly created Utah Labor Commission succeeded to the former Industrial Commission's authority under the Act. *See* Workforce Services and Labor Comm'n Im-

plementation and Amendments, ch. 375, § 53, 1997 Utah Laws 1438, 1466. Because this case deals with the Industrial Commission's actions, before the formation of the Labor Commission, we shall refer to the Industrial Commission.

2. There is no dispute regarding Burgess's right to compensation for *past* periods of disability.

argued that the ALJ erred by dismissing the Motion to Continue Without Date his claim for additional benefits.

The Commission entered its Order on Motions for Review on June 9, 1997, denying both parties' motions for review. First, regarding WCF's motion, it ruled that even if it was error for the ALJ to allow Burgess to amend his applications, any error became moot by the ALJ's subsequent dismissal of the amended applications. Second, as to Burgess's motion, the Commission ruled: "In light of the Industrial Commission's continuing jurisdiction in this case, it is unnecessary to hold Mr. Burgess'[s] application for hearing open. Instead, Mr. Burgess may request that the Industrial Commission reopen the matter if future developments warrant such a request."

Siaperas, JWR, and WCF (petitioners) timely appealed the Commission's determination regarding its continuing jurisdiction over Burgess's claims.

## ISSUE AND STANDARD OF REVIEW

Petitioners present one issue on appeal: whether, by filing an application for hearing with the Commission within six years from the date of his accidents, Burgess satisfied the statute of limitations found in Utah Code Ann. § 35-1-98(2) (1994),[3] thereby enabling him to invoke the Commission's continuing jurisdiction pursuant to Utah Code Ann. § 35-1-78 (1994).[4]

■ Our review of the Commission's interpretation of the interplay among the relevant workers' compensation sections in the Utah Code is a question of statutory construction. This is "a question of law reviewed by this court under a 'correction of error' standard." *Brown & Root Indus. Serv. v. Industrial Comm'n*, 947 P.2d 671, 675 (Utah 1997) (quoting *State v. Harmon*, 910 P.2d 1196, 1199 (Utah 1995)).

## ANALYSIS

■ Petitioners assert that Utah Code Ann. § 35-1-98(2) (1994), in conjunction with individual code sections of the Act, provides both statutes of limitation and limitations on the extent of compensation the Legislature has chosen to provide for injured workers. Accordingly, petitioners argue that the Commission erroneously determined that section 35-1-78 provides it with "indefinite, continuing jurisdiction to modify its orders and, apparently to make awards for disabilities occurring after the specific limitation periods of the statutes."

■ The Act is a humanitarian and economical system designed to provide relief to the victims of industrial accidents:

The Workers' Compensation Act is a comprehensive statutory scheme that provides remedies for injuries to workers occurring in the course of their employment, irrespective of fault, in lieu of common law tort actions. The Act provides temporary total disability benefits, § 35-1-65; temporary partial disability benefits, § 35-1-65.1; permanent partial and permanent total disability benefits, § 35-1-81; and medical expenses for injured employees, § 35-1-81, as well as certain other benefits. These remedies, whether viewed individually or together, are not analogous to an ordinary lump-sum judgment that the common law provides for personal injury actions. Not only may benefits be paid over a period of time rather than in a lump-sum judgment, but an award of benefits does not generally have the res judicata effect of a judgment.

*Stoker v. Workers' Comp. Fund & Indus. Comm'n*, 889 P.2d 409, 411 (Utah 1994). "To give effect to that purpose, the Act should be liberally construed and applied to provide coverage. Any doubt respecting the right of compensation will be resolved in favor of the injured employee." *State Tax Comm'n v. Industrial Comm'n*, 685 P.2d 1051, 1053 (Utah 1984); *see also Olsen v. McIntyre*, 956

---

**3.** As noted in footnote one, the Act was recodified in both 1996 and 1997. Section 35-1-98 is now found at section 34A-2-417; no substantive changes were made. The Commission's original decision and WCF's brief both cite to the Act

before recodification. We will also cite to the Act as enacted before recodification.

**4.** Currently, Utah Code Ann. § 34A-2-420 (1997).

P.2d 257, 260 (Utah 1998) ("This court construes workers' compensation statutes liberally in favor of finding employee coverage.").

Petitioners assert that "[t]he limits placed on the disability compensation benefits are a part of the careful balancing of respective rights between employees and employers embodied in the Act." To give the Commission indefinite, continuing jurisdiction over the claims of injured workers, petitioners argue, would impermissibly shift the balance in favor of the workers.

The following sections of the Act set forth the pertinent time limitations on Burgess's claims, as of the date of his accidents:

1. Section 35–1–98(2) of the Utah Code covers claims for benefits generally: "A claim for compensation for temporary total disability benefits, temporary partial disability benefits, permanent partial disability benefits, or permanent total disability benefits is barred, *unless an application for hearing is filed ... within six years after the date of the accident.*" Utah Code Ann. § 35–1–98(2) (1994) (emphasis added).

2. Section 35–1–65(1) addresses temporary total disability and provides, in pertinent part: "In no case shall [temporary disability] compensation benefits *exceed 312 weeks ... over a period of eight years from the date of the injury.*" *Id.* § 35–1–65(1) (1994) [5] (emphasis added).

3. Section 35–1–66 covers permanent partial disability and provides, in pertinent part: "An employee who sustained a permanent impairment as a result of an industrial accident and *who files an application for hearing under Section 35–1–98* may receive a permanent partial disability award from the commission." *Id.* § 35–1–66 (1994) [6] (emphasis added).

4. Section 35–1–67 provides for permanent total disability and is silent as to any limitation period; thus, only the section 35–1–98 six-year filing requirement applies as to any time limitation for the purposes of section 35–1–67. *See id.* § 35–1–67 (1994).[7]

Authority for the Commission's continuing jurisdiction over workers' compensation cases is found in section 35–1–78(1) of the Utah Code, which provides, in pertinent part: "The powers and jurisdiction of the commission over each case shall be continuing. The commission, after notice and hearing, may from time to time modify or change its former findings and orders." [8] The Commission concedes, however, that "the Commission's continuing jurisdiction over workers' compensation claims is limited in [four] respects."

First, the Commission must obtain initial jurisdiction over a case as a prerequisite to any continuing jurisdiction. Section 35–1–98(2) provides, "A claim for compensation ... is barred, unless an application for hearing is filed ... within six years after the date

---

5. Currently, Utah Code Ann. § 34A–2–410 (1997).

6. Currently, Utah Code Ann. § 34A–2–412 (1997).

7. Currently, Utah Code Ann. § 34A–2–413 (1997).

8. The language in section 35–1–78 requiring "notice and hearing" before the Commission may modify its findings and orders was first included in this section in 1988. *See* Second Injury Fund Eligibility Amendments, ch. 116, 1988 Laws of Utah 532, 538. Section 35–1–78 previously provided, in pertinent part: "The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to its former findings, or orders with respect thereto, as in its opinion may be justified." In discussing the 1988 amendments to the Act, the sponsor, Representative Franklin W. Knowlton, stated, "It

requires the claimant to file an application for hearing on a claim for permanent total disability within six years after the industrial accident. Permanent total disability benefits continue until death or until the employee is capable of returning to regular work." Recording of Utah House Floor Debates, 47th Legislature (February 18, 1988). Additionally, referring to the proposed 1988 amendments, the Office of Legislative Research and General Counsel advised the 1988 Legislature: "The original intent of the [Workers' Compensation Second Injury Fund] was to encourage employment of workers with pre-existing handicaps or impairments by requiring the fund to resume responsibility should the employee later receive injuries rendering him permanently and totally disabled." Interim Study Committee Reference Bulletin: Report for the 1988 General Session, Reference Bulletin No. 9, January 1988.

of the accident." *Id.,* § 35–1–98(2) (1994). Thus, the Commission does not obtain initial jurisdiction until an injured worker has filed a timely application for hearing. In this case, the Commission obtained jurisdiction on March 25, 1996, when Burgess filed his two applications for hearings.

■ Second, after the Commission has obtained initial jurisdiction, the Commission may not arbitrarily exercise continuing jurisdiction to modify an award. *See Spencer v. Industrial Comm'n,* 733 P.2d 158, 161 (Utah 1987). The basis for reopening a claim is provided by "evidence of some significant change or new development in the claimant's injury or proof of the previous award's inadequacy." *Id.*

■ Third, where the Commission exercises continuing jurisdiction, the claimant continues to bear the evidentiary burden of proving his or her claim and must "overcome the substantial issues of causation that exist." *Stoker,* 889 P.2d at 412. Importantly, the injured worker's claim remains subject to all the Act's substantive restrictions on benefits, such as the maximum amount of benefits that may be paid or the time period over which benefits may be paid. *See United States Smelting, Refining & Mining Co. v. Nielsen,* 19 Utah 2d 239, 241–42, 430 P.2d 162, 163–64 (1967) (concluding claimant was barred from receiving additional partial disability compensation after reaching maximum amount recoverable under statute, and Commission's jurisdiction to modify or change orders is not continuing once statutory limitation has been met).

Lastly, the Commission's jurisdiction is further subject to the following restrictions in subsection (3) of section 35–1–78:

(a) This section may not be interpreted as modifying in any respect the statutes of limitations contained in other sections of this chapter or Title 35, Chapter 2, Utah Occupational Disease Act.

(b) The commission has no power to change the statutes of limitation referred to in Subsection (3)(a) in any respect.

Utah Code Ann. § 35–1–78(3) (1994).

■ When an injured worker asks the Commission to exercise its continuing jurisdiction, *see, e.g., Mecham v. Industrial Comm'n,* 692 P.2d 783, 786 (Utah 1984); *Buxton v. Industrial Comm'n,* 587 P.2d 121, 123 (Utah 1978), and has met the foregoing conditions, the Commission has the duty to reopen and adjudicate the injured worker's case "after notice and hearing," Utah Code Ann. § 35–1–78(1) (1994). In such a case, the Commission is in no way "modifying" the statutes of limitation of the Act. *Id.* § 35–1–78(3) (1994). Section 35–1–98(2) merely limits the period of filing an application for hearing to six years, rather than creating a six-year bar to recovery. Once a claimant has filed an application for hearing within the six-year period, "the individual sections of [the Act] must be consulted for their varying statutes of limitation." *Mecham,* 692 P.2d at 785 (citing *Dean Evans Chrysler v. Morse,* 692 P.2d 779, 781–82 (Utah 1984)). In this case, regarding permanent total disability claims, the Act contains no statute of limitations for such claims. *See* Utah Code Ann. § 35–1–67 (1994); *Mecham,* 692 P.2d at 785 ("Mecham's claim for permanent total disability is governed by section 35–1–67 which contains no limitation.").

Although decided before the 1988 amendments to the Act, we believe that *Mecham v. Industrial Comm'n,* 692 P.2d 783 (Utah 1984), is still controlling in this case. In *Mecham,* the plaintiff suffered an injury in October 1961, and proper notice of injury and claim was given and filed pursuant to Utah Code Ann. § 35–1–99 (1953). *See Mecham,* 692 P.2d at 784–85. Section 35–1–99 set forth a three-year period running from either the date of the accident or the date of the last payment of compensation within which an injured worker needed to file a claim for compensation to avoid a barring of the claim. *See* Utah Code Ann. § 35–1–99 (1953). The plaintiff was found to have suffered permanent partial disability and was awarded forty weeks of compensation through December 1964 and medical expenses through 1966. *See Mecham,* 692 P.2d at 784. In December 1982, the plaintiff filed a claim with the Commission for permanent total disability resulting from the slow deterioration of her condition caused by the 1961 injury. *See id.* at 785. The ALJ, with the Commission affirm-

ing, found the plaintiff's claim barred by section 35–1–99 because she had failed to file her claim for permanent total disability within three years from the date of the last payment of compensation.[9] *See id.* The Utah Supreme Court reversed, reaffirming its decision in *Buxton v. Industrial Comm'n,* 587 P.2d 121 (Utah 1978), and concluded:

> [O]nce a claim or notice is filed in accordance with section 35–1–99 . . ., the individual sections of the Worker's Compensation Act dealing with the several types of disability must be consulted for their varying statutes of limitations. . . .
>
> [I]t is evident that the Industrial Commission obtained jurisdiction over Mecham's case well within the three-year limit set by section 35–1–99. . . . Section 35–1–99 is designed solely to create jurisdiction in the Industrial Commission, and there is no need for any particular formality, as long as notice is given. Once jurisdiction is established, the nature of the claim dictates what statute of limitation applies.
>
> Mecham's claim for permanent total disability is governed by section 35–1–67 which contains no limitation[10]. . . . *In light of the procedures followed by Mecham between the date of the industrial injury and the filing of her latest petition, we hold that she complied with the notice requirement under section 35–1–99 and that her claim for permanent total disability was timely under section 35–1–67.*

Id. at 785–86 (emphasis added) (citations omitted). The *Mecham* court then stated that the Industrial Commission, pursuant to section 35–1–78, had continuing jurisdiction to modify awards as it was justified.[11] *See id.* at 786.

In this case, Burgess clearly filed his application for hearing within six years of his injury, as was required by section 35–1–98(2). Burgess presented his claim at a hearing with the Commission on August 28, 1996, and the ALJ dismissed it on November 22, 1996, because it was not ripe for adjudication. Based on the relevant statutory language and the holding of *Mecham,* we hold that his filing was within the six-year statute of limitations of section 35–1–98(2) and invoked the Commission's continuing jurisdiction, pursuant to section 35–1–78, which will allow the Commission to reopen Burgess's case if his injuries worsen. Thus, we affirm the Commission's determination that Burgess has filed timely applications for hearing thereby invoking the Commission's continuing jurisdiction. If Burgess's injuries worsen, in order for the Commission to reopen Burgess's case, he will be required to prove a substantial change of condition, prove legal and medical causation, and comply with the Act's substantive restrictions on amounts and duration of payment.

Continuing jurisdiction to award claimants all the benefits to which they are entitled as a result of an industrial accident is consistent with the common law principle of liberal construction in favor of injured employees that is at the heart of the Act. *See Olsen,* 956 P.2d at 260; *State Tax Comm'n,* 685 P.2d at 1053. Continuing jurisdiction, in the long run,

---

9. The ALJ also, in the alternative, found the plaintiff's claim barred by section 35–1–66 because she failed to file her claim within six years of the date of injury. *See Mecham,* 692 P.2d at 785. At that time, the statute of limitations for temporary partial and permanent partial disability was six years. *See id.*

10. Although section 35–1–67 has been amended since the period covered in *Mecham,* neither section included any type of limitation for permanent total disability. *See* Utah Code Ann. § 35–1–67 (1994).

11. Section 35–1–99 was amended in 1988, repealed in 1990, and replaced with sections 35–1–97 and 35–1–98 in 1990. *See* Act of February 9, 1990, ch. 69, § 13, 1990 Utah Laws 247, 254. Section 35–1–99 was amended in 1988 to include the language in section 35–1–98 relevant to this opinion, as set forth above, which bars certain disability benefits, including permanent total, unless an "application for hearing" is filed with the Commission within six years after the date of the accident. *See* Second Injury Fund Eligibility Amendments, ch. 116, § 9, 1988 Utah Laws 532, 538–39. Thus, the 1988 amendment not only changed that limitation period from three to six years, but it also changed what needed to be filed with the Commission from a "claim for compensation" to an "application for hearing." After studying the plain meaning and legislative history of the 1988 amendment to the Act, we hold that this change in section 35–1–98, as well as that in section 35–1–78, does not affect the holdings of *Mecham,* 692 P.2d at 786, or *Buxton,* 587 P.2d at 123.

should also serve petitioners' interests by, in effect, encouraging an injured worker to seek a more conservative course of treatment or no treatment rather than feeling compelled to try everything within a six-year period.

The plain meaning of both sections 35-1-78 and 35-1-98 also supports our holding. *See O'Keefe v. Utah State Retirement Bd.*, 929 P.2d 1112, 1115 (Utah Ct.App.1996) (stating "[w]e begin by examining the statute's plain language"), *aff'd*, 956 P.2d 279 (Utah 1998). A six-year restriction on the Commission's continuing jurisdiction is inconsistent with section 35-1-78(1), which permits the Commission to destroy records that have been closed and inactive for ten years, except in cases of total permanent disability or in which a claim has been filed under section 35-1-98.[12] If the Legislature had intended the Commission's continuing jurisdiction to terminate six years after an industrial injury, it would be unnecessary for the Legislature to direct the Commission to retain records in "cases of total permanent disability or cases in which a claim has been filed as in Section 35-1-98." Utah Code Ann. § 35-1-78(1) (1994). This statutory provision recognizes that because the Commission's jurisdiction in these cases is indefinite, the Commission must retain these records. Properly filed claims of permanent total disability may be reopened at any time in the future if the injured worker's injuries worsen.

> Quite clearly then, claims of permanent total disability and properly filed claims that may result in awards for permanent total disability must be supported by records for an indefinite period of time and are not barred after three years as the Industrial Commission would have us hold. Read in harmony, sections 35-1-67 and 35-1-78 allow [Burgess] to file at any time [his] petition for permanent total disability provided that disability arises from the original injury.

*Mecham*, 692 P.2d at 786.

Still, WCF maintains that because Burgess's claim is not ripe for adjudication, no further proceedings are required, and nothing is pending before the Commission. Thus, WCF contends, Burgess's claim should be closed and can only be reopened by the filing of a *new* Application for Hearing asserting a change in circumstance. This position is inconsistent with the plain meaning of sections 35-1-78 and 35-1-98(2) and illogical because, if the worsened conditions were ripe for adjudication, the existence of continuing jurisdiction would not be relevant to a determination of those conditions.

We hold that an injured worker must file an application for a hearing with the Commission within six years after the date of the accident to avoid barring his or her claim for compensation and to invoke the Commission's continuing jurisdiction. Burgess's filing of his application for hearing satisfies the requirements of section 35-1-78.

### CONCLUSION

We conclude that by filing an application for hearing with the Commission within six years from the date of his accidents, Burgess satisfied the statute of limitations of Utah Code Ann. § 35-1-98(2) (1994), thereby allowing the Commission to invoke its continuing jurisdiction pursuant to Utah Code Ann. § 35-1-78 (1994). Thus, if Burgess's injuries worsen at any point in the future and he satisfies the conditions set forth in this opinion, the Commission may reopen and modify his claim if justified.

BILLINGS and GREENWOOD, JJ., concur.

---

**12.** The version of section 35-1-78 applicable in this case provides, in pertinent part: "Records pertaining to cases that have been closed and inactive for ten years, other than cases of total permanent disability or cases in which a claim has been filed as in Section 35-1-98, may be destroyed at the discretion of the commission." Utah Code Ann. § 35-1-78(1) (1994).