2000 UT 24

Martin ORTEGA and the Industrial Commission of Utah, Respondents,

v.

MEADOW VALLEY CONSTRUCTION, Workers' Compensation Fund of Utah, and Employers Reinsurance Fund, Petitioners.

Rolland Burgess and the Industrial Commission of Utah, Respondents,

v.

Siaperas Sand & Gravel, JWR Construction, and Workers' Compensation Fund of Utah, Petitioners.

Nos. 981644, 981645.

Supreme Court of Utah.

Jan. 28, 2000.

Hans M. Scheffler, Salt Lake City, for Burgess.

David K. Smith, Midvale, for Ortega.

Alan L. Hennebold, Salt Lake City, for Industrial Commission.

Barbara W. Sharp, James R. Black, Salt Lake City, for Meadow Valley Construction, Workers' Compensation Fund of Utah, Siaperas Sand & Gravel, and JWR Construction.

Erie V. Boorman, Jr., Salt Lake City, for Employers Reinsurance Fund.

## ON CERTIORARI TO THE UTAH COURT OF APPEALS

HOWE, Chief Justice:

¶ 1 We granted certiorari to review two decisions of the court of appeals: an unpublished decision in *Ortega v. Meadow Valley Construction*, No. 971405–CA, slip op. (Utah Ct.App. Sept. 11, 1998), and a published decision in *Burgess v. Siaperas Sand & Gravel*, 965 P.2d 583 (Utah Ct.App.1998). Both cases present the same legal issue, but because each case arose from different facts, we will briefly summarize the facts separately and refer the reader to the decisions in the court of appeals for a more complete statement of the facts.

## BACKGROUND

### I. *ORTEGA v. MEADOW VALLEY CONSTRUCTION*

¶ 2 On October 27, 1993, Ortega was injured in a work-related accident while em-

ployed by Meadow Valley Construction, suffering two broken ribs and a herniated disc which required two subsequent surgeries. The Worker's Compensation Fund of Utah ("WCF"), insurance carrier for Meadow Valley, paid medical expenses, temporary total disability compensation, and permanent partial disability compensation to Ortega. On February 6, 1996, Ortega filed an application for a hearing with the Industrial Commission of Utah, now known as the Utah Labor Commission, on a claim for permanent total disability compensation. After an evidentiary hearing, the administrative law judge ("ALJ") determined that Ortega was not permanently and totally disabled. The ALJ dismissed Ortega's claim for permanent total disability compensation "with prejudice." Ortega sought Commission review of the ALJ's decision. He argued that the ALJ's dismissal of his claim "with prejudice" would prevent him from seeking permanent total disability compensation in the future if his work-related injuries worsened. In its decision, the Commission concluded that the ALJ had properly dismissed Ortega's claim "with prejudice" because the ALJ had fully adjudicated the merits of Ortega's claim in light of existing facts. However, the Commission noted that because Ortega had filed his application for hearing within six years from the date of his work-related accident, he had satisfied the six-year filing requirement found in Utah Code Ann. § 35-1-98(2) (1991). Consequently, if Ortega's work-related disabilities became substantially worse in the future, he could request additional benefits pursuant to the continuing jurisdiction granted to the Commission by section 35-1-78.

## II. *BURGESS v. SIAPERAS SAND & GRAVEL*

¶ 3 On July 1, 1990, Burgess sustained a back injury while working for Siaperas Sand & Gravel. Subsequently, on August 18, 1994, while working for JWR Construction, Inc., he was again injured, exacerbating the back injury he had originally suffered in 1990. The WCF, insurance carrier for both Siaperas and JWR, paid some temporary total disability compensation and medical expenses to Burgess for his work-related injuries. On

March 25, 1996, within six years of his work accidents, Burgess filed two applications for hearing with the Industrial Commission. The first application sought medical expenses, temporary total disability compensation, and permanent partial disability compensation for the injuries from the Siaperas accident. Alternatively, the second application requested the same benefits as the first, but for injuries from the JWR accident.

¶ 4 At the hearing on Burgess's claims, the parties advised the ALJ that the WCF had settled Burgess's accrued claims by paying him permanent partial disability compensation for a five percent whole person impairment. Burgess then moved to amend his applications to include future benefits in the event his injuries worsened. The ALJ granted Burgess's motion to amend but dismissed the amended applications "without prejudice" on the ground they were not ripe for adjudication. Both parties requested Commission review of the ALJ's decision. Both employers and the WCF argued that the ALJ erred in permitting Burgess to amend his applications. Burgess argued that the ALJ erred in dismissing the amended applications.

¶ 5 Upon review, the Commission concluded that even if the ALJ had erred in permitting Burgess to amend his applications, the error was rendered moot by the ALJ's subsequent dismissal of the amended applications. As to Burgess's motion for review, the Commission concluded that the ALJ's dismissal of his amended applications would not prevent him from seeking additional benefits if his injuries worsened because the Commission had obtained continuing jurisdiction over his case when he filed his applications for hearing.

## ANALYSIS

¶ 6 The WCF and its insureds petitioned the court of appeals for review of the Commission's decisions on both Ortega's and Burgess's claims. The court of appeals issued a published decision in *Burgess*, 965 P.2d 583, affirming the Commission's decision on Burgess's claim. The court of appeals concluded that section 35-1-78 gave the Commission continuing jurisdiction because Burgess had

filed his applications for hearing within six years of his work accidents, as required by section 35–1–98(2). In an unpublished memorandum decision, *Ortega*, the court of appeals affirmed the Commission's decision on Ortega's claim for the same reasons as in *Burgess*. We granted certiorari to review both decisions and the two cases have been consolidated for purposes of our review.

¶ 7 As the court of appeals properly determined, a correct decision in these cases involves the reconciliation of two sections of the Workers' Compensation Act.[1] One section, Utah Code Ann. § 35–1–98(2) (1991), establishes a six-year statute of limitations for making an application for hearing:

(2) A claim for compensation for temporary total disability benefits, temporary partial disability benefits, permanent partial disability benefits, or permanent total disability benefits is barred, unless an application for hearing is filed with the commission within six years after the date of the accident.

¶ 8 The other statute, Utah Code Ann. § 35–1–78 (1991), provides for the continuing jurisdiction of the Commission:

(1) The powers and jurisdiction of the commission over each case shall be continuing. The commission, after notice and hearing, may from time to time modify or change its former findings and orders. Records pertaining to cases that have been closed and inactive for ten years, other than cases of total permanent disability or cases in which a claim has been filed as in section 35–1–98, may be destroyed at the discretion of the commission.

. . . .

(3)(a) This section may not be interpreted as modifying in any respect the statutes of limitations contained in other sections of this chapter or Chapter 2. . . .

(b) The commission has no power to change the statutes of limitation referred to in Subsection (a) in any respect.

¶ 9 The issue before us is whether section 35–1–78 authorizes the Commission to exercise continuing jurisdiction over a workers' compensation case where the worker made an application for hearing on a claim for permanent total disability benefits within six years of the date of the accident, but the Commission determined that the worker is not then entitled to those benefits. For the reasons stated by the court of appeals in *Burgess* and for the supplemental reasons in this opinion, we conclude that the Commission does have continuing jurisdiction and affirm the court of appeals in both cases.

¶ 10 The statutes are not in conflict. Both Burgess and Ortega complied with section 35–1–98(2) by making an application for a hearing on their claims within six years following their accidents. *See Vigos v. Mountainland Builders, Inc.,* 2000 UT 2, 993 P.2d 207. Burgess received additional compensation for a five percent permanent whole person impairment. Ortega was unsuccessful in his claim for permanent total disability compensation because the ALJ concluded that his industrial injuries did not prevent him from working. It is clear that these determinations are conclusive as to the facts then existing, but if section 35–1–78 is to be given any meaningful effect, it must be interpreted to mean that the continuing jurisdiction of the Commission is then invoked so that the Commission could reexamine their claims at a later date if their physical conditions worsened and if they met any other statutory limitations. We observed in *Spencer v. Industrial Commission,* 733 P.2d 158, 161 (Utah 1987), that the Commission's exercise of its continuing jurisdiction requires "evidence of some significant change or new development in the claimant's injury or proof of the previous award's inadequacy." (Citing *Buxton v. Industrial Comm'n,* 587 P.2d 121, 123 (Utah 1978).) The court of appeals in *Burgess* correctly noted that where the Commission exercises continuing jurisdiction, "the claimant continues to bear the evidentiary burden of proving his or her claim and must overcome the substantial issues of causation that exist." 965 P.2d at 587. It would seem that unless the continuing jurisdiction

---

1. The code sections we use in our analysis are those that were in effect at the time the plaintiff incurred his injuries.

of the Commission extends beyond the six-year period, it would have little or no effect. The claimant could presumably file a successive application for hearing within the six-year period even though he had been once denied benefits. Thus, the beneficial effect of continuing jurisdiction is to keep the worker's opportunity for additional benefits alive where he has once complied with the six-year statute of limitations.

¶ 11 Our interpretation is supported by the provision in section 35-1-78 which reads, "[r]ecords pertaining to cases that have been closed and inactive for ten years, other than cases of total permanent disability or cases in which a claim has been filed as in section 35-1-98 may be destroyed at the discretion of the commission." It appears that there would have been no reason to prevent the destruction of records pertaining to cases "of total permanent disability" or "cases in which a claim has been filed as in section 35-1-98" unless the Commission had continuing jurisdiction to reexamine those cases beyond the ten-year period.

¶ 12 The decisions of the court of appeals in both cases were issued on September 11, 1998. In the 1999 general session, the legislature amended section 35-1-98(2), now denominated as Utah Code Ann. 34A-2-417(2) (Supp.1999), to provide that a claim for compensation for temporary total disability benefits, temporary partial disability benefits, permanent partial disability benefits, or permanent total disability benefits is barred unless the employee

(i) files an application for hearing with the Division of Adjudication no later than six years from the date of the accident; and

(ii) by no later than twelve years from the date of the accident, is able to meet the employee's burden of proving that the employee is due the compensation claimed under this chapter.

It is apparent to us that the purpose of this amendment was to cap at twelve years the continuing jurisdiction of the Commission to make an award for any of the four enumerated benefits, subject to an exception which is not relevant here. Had the legislature intended to nullify the effect of the court of appeals' decision, it would have capped the continuing jurisdiction of the Commission at six years rather than twelve years. Instead, the six-year limitation for filing an application for hearing was retained, and a twelve-year cap was established on the continuing jurisdiction of the Commission to reexamine the claim if the employee's physical condition worsened.

¶ 13 When an injured worker makes an application for hearing on a claim within six years following the accident, the Commission determines at the hearing whether the worker is entitled to the benefits he or she claims. If the claim is denied, the employer and its insurance carrier are put on notice that the continuing jurisdiction of the Commission is invoked, and at some time in the future, up to twelve years in most cases, the worker may request another hearing if his physical condition due to the accident has worsened. This should not put the employer or its insurance carrier at any disadvantage since they may provide for a reserve to pay any future benefits that may be awarded. They are also protected by the burden of proof placed on the worker to prove that his condition has worsened and to prove his entitlement to additional benefits.

¶ 14 The WCF and its insured rely on *United States Smelting, Refining & Mining Co. v. Nielsen*, 19 Utah 2d 239, 430 P.2d 162 (1967), *aff'd on reh'g*, 20 Utah 2d 271, 437 P.2d 199 (1968), as authority that the continuing jurisdiction of the Commission does not extend beyond the six-year period of limitations. However, that case dealt with Utah Code Ann. § 35-1-66 (1953), which provided that benefits that had been awarded were payable for only six years. In the instant case, we are not concerned with the duration of benefits which have been awarded and *Nielsen* is not helpful to our analysis.

¶ 15 The decision of the Industrial Commission is affirmed.

¶ 16 Associate Chief Justice DURHAM, Justice ZIMMERMAN, and Judge FRATTO concur in Chief Justice HOWE's opinion.

RUSSON, Justice, concurring in the result:

¶ 17 I concur in the result. I believe our decision in *Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, 993 P.2d 207, renders it unnecessary to address the arguments concerning the continuing jurisdiction of the Commission. According to our plurality opinion in *Vigos*, the Commission acquires jurisdiction as soon as an injured worker files a proper and timely claim for disability compensation; and the Commission retains that jurisdiction to modify disability status beyond the six-year period contained in former section 35–1–78. *See id.* at ¶ 32 (Op. of Stewart, J.) & ¶ 43 (Op. of Russon, J.).

¶ 18 Having disqualified himself, Justice STEWART did not participate herein; District Judge JOSEPH C. FRATTO, Jr., sat.